

NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 17, 2009**                              **United States Bankruptcy Judge**

---

BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
1900 ST. JAMES PLACE SUITE 500
HOUSTON, TX 77056
(713) 621-8673

Attorney for WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME
MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-70495-HDH-13 |
| | § | |
| JAMES GREG CALLAHAN and | § | |
| PAMELA RAYE CALLAHAN, | § | |
|     Debtor | § | CHAPTER 13 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| SUCCESSOR BY MERGER TO WELLS | § | |
| FARGO HOME MORTGAGE, INC. | § | |
| ITS ASSIGNS AND/OR | § | |
| SUCCESSORS IN INTEREST, | § | |
|     Movant | § | HEARING DATE:  12/16/2009 |
| | § | |
| v. | § | TIME:  11:00 AM |
| | § | |
| JAMES GREG CALLAHAN and | § | |
| PAMELA RAYE CALLAHAN; WALTER | § | |
| O'CHESKEY, Trustee | § | |

Respondents                          §   JUDGE HARLIN D. HALE

## AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO DEBTOR

Came on for consideration the Motion for Relief from Stay, filed by WELLS FARGO

BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC.

ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured

creditor in the above entitled and numbered cause.  The Court, having considered said Motion

and the agreement of Counsel, is of the opinion that the following Agreed Order should be

entered.  It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1.      **Automatic Stay:**  The Automatic Stay provided by 11 U.S.C. § 362 shall remain in

effect, except as provided below.

2.      **Current Monthly Payments:**  Debtor shall continue to remit to the Movant the regular

post-petition monthly payments beginning January 1, 2010, and continue said payments

thereafter pursuant to that certain Note and Deed of Trust dated April 30, 1999.  Said payments

shall be paid to Movant at:

> WELLS FARGO BANK, N.A.
> ONE HOME CAMPUS
> MAC ID#X2302-04C
> DES MOINES, IA  50325

3.      **Modify Plan:**  Debtor shall have 30 days from the date of the filing of Trustee's

Recommendation Concerning Claims (TRCC) to modify Debtor's Chapter 13 Plan to include all

post-petition arrearages and attorney's fees and costs in the total amount of $5,069.34 to be paid

by the Chapter 13 Trustee through the Debtor's Chapter 13 Plan.  Said total amount consists of

post-petition payments for the months of October 1, 2009 through December 1, 2009 and

additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Monthly Payment Amount | $1,422.89 X 3 | $4,268.67 |
| Late Charges | $41.89 X 3 | $125.67 |
| Attorney's Fees & Costs | | $675.00 |
| Other Fees & Costs | | $0.00 |
| Amount Due | | $5,069.34 |
| Payment Received | | $0.00 |
| Payment to be Received | | $0.00 |
| Debtor Suspense | | $0.00 |
| Total Balance Due Less Payment Received | | $5,069.34 |

The "Post-Petition Arrearage" specified herein shall constitute an additional arrearage claim filed by Movant ("Additional Claim") in the bankruptcy proceeding and is hereby allowed by the Court.  If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. Section 1325 ("Confirmed Plan"), Debtor shall promptly modify the Plan, and the Chapter 13 Trustee shall make no distributions to Movant on the Additional Claim until Debtor has filed a modification of the Confirmed Plan pursuant to 11 U.S.C. Section 1329 ("Post-Confirmation Modification"), served the Post-Confirmation Modification on all parties in interest entitled to notice, and obtained an Order from the Court approving the Post-Confirmation Modification.  If the Plan has not been previously confirmed by the Court, the Debtor shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. Section 1323 to provide for the Additional Claim

4.     **Payments to Trustee**:  Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan.  Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5.     **Proof of Payments**:  Debtor shall have 30 days from December 16, 2009 or until January 15, 2010 to provide proof of disputed payments.  Proof shall consist of a copy of the front and back of a negotiable instrument that has been paid to Movant by the institution on which it has

been drawn and has not been credited by Movant to Debtor's account.  If said proof is provided

by January 15, 2010, then WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO

WELLS FARGO HOME MORTGAGE, INC. ITS ASSIGNS AND/OR SUCCESSORS IN

INTEREST shall credit Debtor account with said payments.  If said proof is not provided to

Movant the Debtor must tender to Movant the amount of  $5,069.34 as stated above net of

payments received and said net amount becomes due and owing under the terms stated in the

Modify Plan Paragraph.

6.    **Discharge:**  Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C.

§362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

7.    **Conversion to Chapter 7**:  The payment terms of this Agreed Order shall not survive

upon conversion to a case under Chapter 7 of the Code.  In the event of conversion, Movant shall

not be bound by the payment schedule of this Agreed Order.  Upon conversion of this case to a

Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due

under the Note and Deed of Trust shall become immediately payable to Movant, and failure to

bring the loan contractually current by the date of entry of the  conversion order shall be an event

of default under the Default Paragraph of this Agreed Order.

8.    **Effect of Non-sufficient Funds**:  Tendering of a check to Movant by Debtor which is

subsequently returned due to non-sufficient funds in the account upon which the check is drawn

or due to any other reason shall not constitute a payment as required by the terms of this order

and is an event of default.

9.    **Default**:  In the event Movant does not receive any payments by the dates set forth in the

Current Monthly Payments Paragraph or if the Debtor fails to timely modify the Chapter 13 Plan

as set forth in the Modify Plan Paragraph or Debtor does not remit the payment set forth in the

Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in

the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by

Certified Return Receipt Requested Mail, postage prepaid, to Debtor, Counsel for Debtor, and

allow Debtor a 10-day period from the date of such written notice to cure such delinquent

payments.  Cure payments must be made by certified funds only.  In the event Debtor fails to

cure such delinquent payments within such 10-day period or in the event Debtor becomes

delinquent after **two (**2**) notices of default**, the Automatic Stay of 11 U.S.C. §362 shall terminate

as to the Movant without further recourse to this Court and Movant shall be allowed to take any

and all steps necessary to exercise any and all rights it may have in the collateral described as

follows:

> LOT NO. SEVEN 'A' (7-A), BLOCK NO. ELEVEN (11), SUMMERFIELD
> ESTATES, SECTION 5-C, AN ADDITION TO THE CITY OF WICHITA FALLS,
> WICHITA COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN
> VOLUME 27, PAGE 807, WICHITA COUNTY PLAT RECORDS;

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately

enforce and implement this Order granting relief from the automatic stay and that the provision

of Rule 4001(a) (3), Federal Rules of  Bankruptcy Procedure, shall not impede the enforcement

and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor,

and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

### END OF ORDER ###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY:    /s/ DAMIAN ABREO

DAMIAN ABREO                              MONTE J WHITE
TX NO. 24006728                           1106 BROOK AVENUE
1900 ST. JAMES PLACE SUITE 500            WICHITA FALLS, TX  76301
HOUSTON, TX 77056
Telephone: (713) 621-8673                 ATTORNEY FOR DEBTORS
Facsimile: (972) 661-7702
E-mail:  NDECF@BBWCDF.COM
ATTORNEY FOR MOVANT


                                          WALTER O'CHESKEY, TRUSTEE

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY:    /s/ DAMIAN ABREO
       DAMIAN ABREO
       TX NO. 24006728
       1900 ST. JAMES PLACE SUITE 500
       HOUSTON, TX 77056
       Telephone: (713) 621-8673
       Facsimile: (972) 661-7702
       E-mail: NDECF@BBWCDF.COM
       ATTORNEY FOR MOVANT

MONTE J WHITE
106 BROOK AVENUE
WICHITA FALLS, TX 76301

ATTORNEY FOR DEBTORS

/s/Marc McBeath

WALTER O'CHESKEY, TRUSTEE